[No. 26278. Department Two. November 17, 1936.]

GEORGE H. WATKINS, *Respondent*, v. PUBLIC SERVICE LIFE, HEALTH AND ACCIDENT COMPANY *et al.*, *Appellants.*[1]

*Merrick, Williams & Fitch,* for appellants.
*M. W. Vandercook,* for respondent.

MITCHELL, J.—Plaintiff, George H. Watkins, was employed to assist in the organization of defendant,

[1]Reported in 62 P. (2d) 464.

Advancement Finance Corporation, as a corporation. He was employed by all of the other defendants to perform that service. After completing his work, he was refused full payment for his services. He sued Public Service Life, Health and Accident Company, a corporation, Public Service Underwriters, a corporation, Advancement Finance Corporation, a corporation, Leber and Magnuson, a corporation, C. H. Leber and Jane Doe Leber, whose true Christian name is to plaintiff unknown, husband and wife, and C. A. Magnuson and Kate Magnuson, husband and wife, to recover the balance due him. There was a verdict and judgment in his favor against all of the defendants. The defendants have appealed.

In substance, it was alleged in the complaint that the respondent, at the instance and request of and on behalf of the appellants, entered into an agreement whereby he undertook the sale of the capital stock of the Advancement Finance Corporation "by means of pre-organization subscriptions to the capital stock" for a specified consideration to be paid him for his services; that he procured such subscriptions to the capital stock of that corporation and had been only partially paid for his services. The defense was that, at all times mentioned in the complaint, the plaintiff therein did not have a license to sell securities or take subscriptions to the stock of the corporation being organized.

As stated by appellants in their argument here, the question to be answered is whether one "engaging in the general solicitation of pre-organization subscriptions to corporate stock of a corporation to be organized under the laws of the State of Washington, and who has failed to secure an agent's license or certificate as required by law, can maintain an action for the recovery of commissions alleged to be due upon

such solicitation.'' Appellants contend that such action cannot be maintained.

That was the defense in this action, that is, it was alleged that, at all times mentioned in the complaint, the plaintiff, respondent, did not have a license to sell securities or take subscriptions to the stock of the corporation being organized.

The appellants rely on Rem. Rev. Stat., § 5853-1 *et seq.*, commonly known as the securities act. That act, in our opinion, is not applicable here. It has to do with the securities of certain *kinds* of corporations, including the *kind* mentioned in this case, after the corporation has been completely organized.

Here, the respondent's services were rendered as a step in the creation or organization of a corporation. He procured subscriptions to the capital stock, the whole amount of which must be subscribed before the corporation could commence business. Rem. Rev. Stat., § 3803 [P. C. § 4504]. His services were all rendered prior to the time that the prospective corporation could legally issue securities, the sale and disposition of which would be regulated by the securities act.

Judgment affirmed.

MILLARD, C. J., TOLMAN, HOLCOMB, and BEALS, JJ., concur.